# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 853 | **DATE** | 7/17/2001 |
| **CASE TITLE** | United States of America vs. William A. Hanhardt, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Hanhardt's motion to sever, raised in his June 28, 2001 motion to continue the trial date, is denied. See attached order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 9 2001 | |
| X | Notified counsel by telephone. | | date docketed | 165 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 18 PM 3: 14 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 00 CR 0853 |
| | ) | |
| | ) | HONORABLE CHARLES R. NORGLE |
| WILLIAM A. HANHARDT, et al., | ) | |

**OPINION AND ORDER**

DOCKETED
JUL 1 9 2001

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant William A. Hanhardt's motion to sever. For the following reasons, the court denies the motion.

## I. BACKGROUND

The prosecution arises out of an alleged conspiracy to commit jewelry thefts across the United States from in or about the early 1980's and continuing thereafter to in or about April of 1998. On October 19, 2000, Hanhardt and five Co-Defendants were indicted. The alleged conspiracy involved the targeting and surveillance of traveling jewelry salespersons for the purpose of stealing their inventory. Once potential targets had been identified and their routines observed, the conspirators allegedly orchestrated thefts of the jewelry inventories. The indictment alleges eight such thefts occurred, with two more attempted thefts. Hanhardt is the alleged leader of the conspiracy. Additionally, it is alleged that Hanhardt personally participated in the theft of jewelry.

1



Following the indictment in October of 2000, the parties began their pre-trial matters. The Government has turned over approximately 26,653 pages of documents to each Defendant, including Hanhardt. On motion of Defendants a January 2001 trial date was stricken. On May 18, 2001 the court set a trial date of September 4, 2001. On June 28, 2001 Hanhardt filed a motion to continue the trial date of September 4, 2001 on two bases: (1) Thomas P. Sullivan's, Hanhardt's attorney, prior commitment to a client in a private arbitration; and (2) lack of sufficient time to prepare the case for trial because of the complexity of the facts and issues involved. Within the motion to continue was a sentence, the very last sentence, which stated: "In the alternative, Mr. Hanhardt moves that his case be severed pursuant to F.R. Criminal P. 14, and set for trial on a date after January 1, 2002 convenient to the Court." (Hanhardt's Mot. to Cont. at 13.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 14 states in pertinent part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . .

Fed. R. Crim. P. 14. The determination of prejudice and the remedy of severance is left to the sound discretion of the district court. See Zafiro v. United States, 506 U.S. 534, 541 (1993). Rule 14 requires severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Therefore, district courts must weigh the public interest in judicial efficiency and economy that would result from a joint trial against the possibility of undue prejudice resulting from such a trial. United States v. Colon, No. 97 CR 659, 1999 WL 77226 at *4 (N.D. Ill. Jan. 8,

1999) (citing United States v. Zanin, 831 F.2d 740, 744 (7th Cir. 1987); United States v. Rivera, 825 F.2d 152, 159 (7th Cir. 1987). "[G]iven the district court's broad discretion in managing its docket and the difficulty in establishing severe prejudice, the district court's refusal to sever is rarely reversed." Colon, 1999 WL 77226 at *4 (citing United States v. Handford, 39 F.3d 731, 735 (7th Cir. 1994)). Additionally, the Seventh Circuit has noted "the strong public interest in having persons jointly indicted tried together . . . ." United States v. Neely, 980 F.2d 1074, 1090 (7th Cir. 1992) (citing United States v. Percival, 756 F.2d 600, 610 (7th Cir. 1985)). ". . . [J]oint trials are beneficial not only for efficiency but because they limit inconvenience to witnesses, avoid delays in bringing defendants to trial, and allow the "total story" to be presented to a single jury." United States v. Adam Stillo, Sr. and Joseph T. Stillo, 57 F.3d 553, 557 (7th Cir. 1995).

In United States v. Garner, 837 F.2d 1404 (7th Cir. 1987), the Seventh Circuit provided a number of instances where severance under Rule 14 might be appropriate: (1) antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive; (2) massive and complex evidence making it almost impossible for the jury to separate and consider the evidence as it relates to each defendant's innocence or guilt; (3) a co-defendant's statement inculpating the moving defendant; and (4) gross disparity in the weight of the evidence against each defendant. Garner, 837 F.2d at 1413. As the Seventh Circuit stated, these are not the only instances in which severance is appropriate, but they provide a helpful reference for considering the types of instances that might trigger severance. See Id. Ultimately however, the granting or denial of a motion to sever rests entirely within the discretion of the court. See Zafiro, 506 U.S. at 541.

Hanhardt's motion for severance fails to make any argument or cite any authority indicating that he is prejudiced by a joint trial. And, even if Hanhardt had attempted an argument, the court

3

believes he could not show prejudice severe enough to require severance. Hanhardt provides no support, either through argument or case law, as to why the motion to sever should be granted. This failure to adequately develop the issues can be considered a waiver. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (refusing to consider an undeveloped argument). Additionally, Hanhardt's motion to sever is in violation of Local Criminal Rule 47.1. Local Criminal Rule 47.1 provides that "a contested motion shall be accompanied by a short, concise brief in support of the motion, together with citations of authority . . . ." Local Criminal Rule 47.1. The failure to file a supporting brief allows either the court, sua sponte, or an another party to move to strike the motion. See Local Criminal Rule 47.1; see also United States v. McCarroll, No. 95 CR 48, 1996 WL 99442 at *4 (N.D. Ill. March 5, 1996). Nevertheless, out of an abundance of caution, the court will address Hanhardt's motion to sever.

Without any guidance from Hanhardt as to the reasoning behind his motion to sever, the court will examine potential reasons for a severance. See Garner, 837 F.2d at 1413. It is quite possible that several Defendants could present antagonistic defenses to that of Hanhardt. Thus far Defendants have presented a united front to the court, but the possibility for divisiveness exists. Furthermore, Hanhardt has not indicated any theory of defense, which makes even more difficult the task of dealing with the potential for antagonistic defenses. See United State v. Swanquist, 161 F.3d 1064, 1075 (7th Cir. 1998). Antagonistic defenses are not prejudicial per se so as to require a severance. See Zafir, 506 U.S. at 538. A defendant has the right to have his theory of defense instruction submitted to the jury. See Swanquist, 161 F.3d at 1075. "Unless the defenses are so inconsistent that the making of a defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense precludes acquittal of other defendants, it is not necessary to

hold separate trials." Colon, 1999 WL 77226 at *6 (citing United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987)). "Significantly, simple fingerpointing does not prevent the jury from making a reliable judgment regarding guilt or innocence and, therefore, as a general rule is not enough to require severance." Id. "Indeed, '[f]ingerpointing is an acceptable cost of the joint trial and at times is even beneficial because it helps complete the picture before the trier of fact.'" Id. Thus, the fact that several Defendants could make arguments at trial implicating Hanhardt is not enough to grant severance.

Another potential reason for severance could be a claim of the massive and complex nature of the evidence making it difficult for a jury to consider the evidence as it relates to each defendant. See Garner, 837 F.2d at 1413. Hanhardt, in previous filings, has indicated his belief that the case is massive and complex. Although the amount of evidence is large, it is not of an complex nature. In fact, Hanhardt's counsel, Mr. Sullivan, in his motion for a continuance, argues that he is involved in a 16-year dispute recently set for arbitration that has over six million pages of documents. (Hanhardt's Mot. to Cont. at 7, ¶ f). Mr. Sullivan has three colleagues to help with the 26,653 involved in this case. Additionally, although Hanhardt claims that this case is complex in nature. The crimes charged in the indictments at their very base level are nothing more than thefts. Any complexity comes from the extended length of time that the conspiracy operated and the length of the investigation to develop the voluminous evidence the Government has disclosed. Again, this is not enough to raise the undue prejudice required for severance.

Two other instances where severance could be claimed involve inculpating statements and a gross disparity in the weight of the evidence against each defendant. See Garner, 837 F.2d at 1413. Neither of these instances offer a basis for severance in this case. None of Defendants have offered

5

any inculpating statements of any other Defendants, much less Hanhardt. As to any disparity in the weight of the evidence towards any defendant, none has been shown or even identified. Once again Hanhardt fails to present the undue prejudice required for severance.

## III. CONCLUSION

For the reasons stated above, the court denies the motion to sever.

IT IS SO ORDERED.

ENTER:

_Charles R. Norgle, Sr._

CHARLES RONALD NORGLE, SR. Judge

United States District Court

DATED: 7-17-01